UNITED STATES DISTRICT COURT
IN THE
WESTERN DISTRICT OF MICHIGAN- SOUTHERN DIVISION

GREG COLE,
    an individual

    Plaintiff,

v

THE VILLAGE OF PAW PAW
and
ERIC ROTTMAN, individually, and in his
official capacity as a police officer for the
Village of Paw Paw
and
ALLEN PARSELL, individually, and in his
official capacity as a police officer for the
Village of Paw Paw

_____/

FILE NO:

HON:

**COMPLAINT**

4:05CV0025

Wendell A. Miles
Senior, U.S. District Judge

William F. Piper (P38636)
Piper, Willoughby & Wise, PLC
Attorney for Plaintiff
2700 Old Centre Avenue
Portage, MI 49024
(269) 323-3400
(269) 323-3418 facsimile
wpiper@fkdb.com

    The plaintiff, Greg Cole, by and through his attorneys Piper, Willoughby & Wise, PLC, for his complaint, states as follows:

### JURISDICTIONAL ALLEGATIONS

1.     The plaintiff Greg Cole is an individual who lives in the Village of Decatur, and he lived in the Village of Decatur at all times relevant to this Complaint.

2.     The defendants Eric Rottman and Allen Parsell were employed by the defendant Village of Paw Paw as police officers at all times relevant to this Complaint.

3. This lawsuit relates to contact between the defendants and the plaintiff that occurred on December 19, 2003.

4. The defendants during their contact with the plaintiff on December 19, 2003 were acting under color of state of law but not under a legitimate exercise of government authority.

5. This action arises under 42 USC § 1983.

6. Jurisdiction is based on 28 USC § 1331 and 28 USC § 1343.

7. Certain claims in this action arise under this Court's supplemental jurisdiction to hear and decide state law claims arising out of the same transactions and occurrences as the federal law claims.

## COMMON ALLEGATIONS

8. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-7 of this Complaint.

9. On December 19, 2003 the plaintiff was an employee in good standing of the Allegan County Youth Home.

10. The plaintiff was scheduled to work at 12:00 a.m. on December 20, 2003 at the Allegan County Youth Home.

11. The plaintiff, who resides in the Village of Decatur, was as of December 20, 2003 running for a Village Council seat, and one of his platforms was disbanding the police department.

12. One of Mr. Cole's opponents was Krista Ives.

13. Krista Ives is the daughter of Byron Ives- who was a corrections officer for Van Buren County, whom Mr. Cole served with on the Village of Decatur-Hamilton Fire Department. Ms. Ives is the sister of David Ives, who is a part time Village of Decatur police officer, who,

upon information and belief, attended a police academy with the defendant Eric Rottman and is a good friend of him.

14. Both Mr. Cole and Krista Ives narrowly lost the election for a Village Counsel Seat.

15. As a result of the election results, Mr. Cole's outspokenness regarding law enforcement matters, and Byron Ives' dislike of Mr. Cole, the Ives family had a grudge against Mr. Cole and a desire to see misfortune befall him.

16. Upon information and belief, the Ives family, including David Ives, communicated negative information about Mr. Cole to Eric Rottman, including information about his relationship with his ex girlfriend, and they also told Officer Rottman where Mr. Cole worked and gave him Mr. Cole's unlisted telephone number.

17. On December 19, 2003, at approximately 10:30 p.m., Mr. Cole was visiting his ex girlfriend in her apartment located in the Village of Paw Paw.

18. A Village of Paw Paw police officer attempted to place a call to Mr. Cole's home phone at approximately 10:35 p.m. Mr. Cole did not answer the phone because he was not home.

19. At approximately the same time the defendants Rottman and Parsell visited the apartment of Mr. Cole's ex girlfriend and knocked on the door, ostensibly to investigate an excessive noise complaint.

20. During the short period of time that Mr. Cole was at the apartment, he and his ex girlfriend were quiet, and they were not playing loud music or making any other noise that could have generated an excessive noise complaint.

21. Neither Mr. Cole nor his ex girlfriend answered the door, as they did not want to be bothered.

22. Mr. Cole was not engaged in any illegal activity inside of the apartment, and he and his ex

girlfriend were not having any problems and were getting along fine.

23. After leaving the apartment, at approximately 10:46 p.m., an angry and vindictive Officer Rottman telephoned Mr. Cole's employer.

24. In a malicious attempt to harm Mr. Cole and damage his reputation and the esteem others placed in him, Officer Rottman told Mr. Cole's acting supervisor that Mr. Cole was being uncooperative with law enforcement because he refused to answer the door and walked away after seeing the officer through the window of the apartment.

25. Officer Rottman also told Mr. Cole's acting supervisor that "Greg Cole has been uncooperative with law enforcement and if he does work for a juvenile court you should be aware of what kind of employee you have working for you."

26. Officer Rottman further stated to Mr. Cole's supervisor, "Pass this information on to your director and have Greg Cole give us a call when he arrives."

27. Officers Rottman and Parsell, on a malicious mission to harass Mr. Cole, proceeded to attempt to locate Mr. Cole, who had left the apartment of his ex-girlfriend to drive to work.

28. Officer Rottman and Officer Parsell, each driving his own vehicle, located Mr. Cole, whom they knew was driving his mother's car, and pulled him over at approximately 11:00 p.m. in the Village of Paw Paw.

29. Officers Rottman and Parsell then approached Mr. Cole and began speaking to him.

30. Mr. Cole, albeit upset and irritated, politely asked Officer Rottman why he had pulled him over.

31. Officer Rottman told Mr. Cole that he had pulled him over because he had refused to answer the door at his ex girlfriend's apartment.

32. Officers Rottman and Parsell had no legitimate basis or cause whatsoever for stopping Mr.

-5-

Cole.

33. Mr. Cole because even more angry and upset, and he indicated to Officer Rottman that he was not going to make any further comments without speaking to an attorney.

34. Ignoring Mr. Cole's wishes, Officer Rottman attempted to provoke Mr. Cole into speaking some more and upset him by condescendingly suggesting to him that he had been smoking marijuana inside of his ex girlfriend's apartment, even though he had no evidence that Mr. Cole had been.

35. Mr. Cole denied smoking marijuana, as he in fact had not been.

36. In an attempt to provoke and upset Mr. Cole, Officer Rottman asked him what his work would think about his not answering the door and not cooperating with the officers.

37. In an attempt to provoke Mr. Cole some more, Officer Rottman proceeded to explain his version of what Mr. Cole had done at the apartment, which, albeit innocuous, was still incorrect.

38. Officer Rottman in fact severely upset Mr. Cole by his statements and his conduct referenced in paragraphs 31, 34, 36 and 37 above.

39. Upon information and belief, Officers Rottman and Parcell then returned to their vehicle and ran a LEIN search on Mr. Cole, and they discovered that he had a concealed weapons permit.

40. The officers then searched Mr. Cole's mother's vehicle and removed Mr. Cole's unloaded, legally carried firearm from the vehicle and confiscated it.

41. Officers Rottman and Parcell then gave Mr. Cole a civil infraction ticket for failing to disclose his possession of a concealed pistol and failing to display his concealed weapons permit immediately.

42. The officers' stop of Mr. Cole lasted for approximately twenty minutes.

-5-

43. Mr. Cole called Officer Rottman back at 12:20 a.m. and asked him what he wanted and how he knew where Mr. Cole was working, the Officer replied, "We have our ways".

44. The prosecuting attorney eventually dropped the charges against Mr. Cole, but not until several vexatious court proceedings occurred, and not until Mr. Cole had to spend unnecessary money for attorney services.

45. The following Monday Mr. Cole went down to the Paw Paw Police Department, spoke with Sgt. Goodrich, and asked him to return his pistol. The Sgt. told him that he could not have his pistol back until after the trial. Later that same day Chief Reynolds of the Paw Paw Police Department called Mr. Cole and told him that he could come in and pick up his pistol.

46. The defendants, by their actions, deprived Mr. Cole of his pistol for some time without proper cause for doing so.

47. As a result of the defendants' unlawful actions, the plaintiff has suffered financial losses, severe emotional distress, embarrassment, humiliation, and other consequential and incidental damages.

**COUNT I- 42 USC § 1983 -DEFENDANTS ROTTMAN AND PARSELL**

48. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-47 of this Complaint.

49. It is clearly established that police officers cannot make a traffic stop and seizure without probable cause for so doing and cannot retaliate against an individual for his political speeches.

50. It is also clearly established that police officers cannot make a search of an automobile pursuant to a traffic stop without good and probable cause for so doing.

51. It is also clearly established that police officers cannot seize property during a traffic stop

without good and probable cause for so doing.

52. By acting as they did described extensively above, the defendant officers Rottman and Parcell violated Mr. Cole's clearly established rights under the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and committed an unconstitutional seizure, search, detention and deprivation of property.

53. As a result of the unconstitutional conduct of the defendant officers described above, the plaintiff Greg Cole suffered the damages described above.

54. Mr. Cole's claims are actionable under 42 USC §1983.

**WHEREFORE**, the plaintiff requests a judgement against the defendant officers for whatever amount is sufficient to compensate him for his injuries and damages plus punitive damages, attorney's fees under 42 USC § 1988, all recoverable interest, costs and any other relief this court deems fair and just.

### COUNT II- 42 USC § 1983 VIOLATIONS - VILLAGE OF PAW PAW

56. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-55 of this Complaint.

57. The acts of the individual defendants suggest that they had a fundamental lack of training concerning the evidence required for stops, traffic stops, seizures, searches and the constitutional limitations on the exercise of the officers' authority.

58. This lack of training caused many or all of the unconstitutional violations set forth above.

59. This lack of training constituted an unconstitutional policy, custom or practice amounting to deliberate indifference to the constitutional rights of citizens such as Mr. Cole.

60. As a result of the unconstitutional policy, custom or practice set forth above, the plaintiff suffered the damages set forth above.

**WHEREFORE**, the plaintiff Greg Cole requests a judgement against the Village of Paw Paw for whatever amount is sufficient to compensate him for his injuries and damages plus all recoverable interest, attorney's fees under 42 USC § 1988, costs and any other relief this court deems fair and just.

### COUNT III- PUBLIC DISCLOSURE OF PRIVATE FACTS AND DISCLOSURE PUTTING MR. COLE IN A FALSE LIGHT- DEFENDANT ROTTMAN

61. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-60 of this Complaint.

62. The defendant Rottman's public communication to Mr. Cole's employer, and possibly others, about the events of December 19, 2003, along with his negative and derogatory comments about the events, invaded Mr. Cole's privacy about a private manner and put Mr. Cole in a false light as a reckless individual who does not abide by the law and who disrespects law enforcement.

63. As a result of the conduct described above, the plaintiff suffered the damages set forth above.

**WHEREFORE**, the plaintiff requests a judgement against Officer Rottman for whatever amount is sufficient to compensate him for his injuries and damages plus punitive damages, exemplary damages, all recoverable interest, attorney fees, costs and any other relief this court deems fair and just.

### COUNT IV- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS- DEFENDANT ROTTMAN

64. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-63 of this Complaint.

65. What the defendant did was outrageous and intended by him to cause the plaintiff severe emotional distress.

66.   Mr. Cole did suffer severe emotional distress arising out of the incidents that are the subject of this Complaint.

**WHEREFORE**, the plaintiff requests a judgement against Officer Rottman for whatever amount is sufficient to compensate him for his injuries and damages plus exemplary damages, all recoverable interest, attorney fees, costs and any other relief this court deems fair and just.

Date:   March 2, 2005                                     Piper, Willoughby & Wise, PLC

                                                          By: _____
                                                          William F. Piper (P38636)
                                                          Attorney for Plaintiff